UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 00-4081

LEWIS HATTEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CA-99-62)

Submitted: June 30, 2000

Decided: July 21, 2000

Before MURNAGHAN, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence J. Lewis, FLESHER & LEWIS, Huntington, West Virginia,
for Appellant. Rebecca A. Betts, United States Attorney, Ray M.
Shepard, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lewis Hatten appeals his jury convictions and resulting sentence for conspiracy to distribute and possess with the intent to distribute marijuana and conspiracy to launder money. Finding no error, we affirm.

Hatten contends the evidence at trial was insufficient to sustain the jury verdicts. This court reviews a district court's decision to deny a judgment of acquittal de novo. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999). When the motion for acquittal is based on insufficiency of the evidence, "the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the elements of the crime beyond a reasonable doubt." See id. Because Hatten's claim is based purely on the credibility of the witnesses and because this court generally defers to the fact-finder's determination regarding witness credibility, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), we find sufficient evidence existed to convict Hatten of the offenses charged.

Hatten next asserts the district court erred in admitting a ledger as a statement of a co-conspirator. We review a district court's exclusion or admission of evidence under Fed. R. Evid. 801(d)(2)(E) for abuse of discretion. See United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992). The court's decision to admit or exclude evidence will not be overturned unless the decision was arbitrary or irrational. See United States v. Powers, 59 F.3d 1460, 1474 (4th Cir. 1995).

We find the court did not abuse its discretion in admitting the ledger kept by Tena Kirk because the evidence of Hatten's involvement in the conspiracy was substantial, the ledger was seized in co-conspirator Kirk's home, and the ledger was identified as a record of drug transactions kept by Kirk. See Blevins, 960 F.2d at 1256.

Hatten also contends the district court erred by denying him a downward adjustment under U.S. Sentencing Guidelines Manual

2

§ 3B1.2 (1998) for playing a minimal or minor role in the offense. This court reviews a district court's finding that a defendant was not entitled to an adjustment for his role in the offense for clear error. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996). Because an adjustment based on minimal participation in an offense contemplates a case when the defendant was only a courier for a small amount of drugs and an adjustment for minor participation contemplates a case when the defendant was less culpable than most other participants, the district court did not clearly err when it denied Hatten a downward adjustment for his role in the offenses for which he was convicted. The evidence at trial revealed that Hatten took part in the conspiracy, understood where the shipments of marijuana originated, and made decisions to accept or refuse delivery of marijuana from the supplier based upon its quality.

Based on the foregoing, we affirm Hatten's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED